A. R. OLESON, APPELLANT, v. CUMING COUNTY ET AL., APPELLEES.

FILED MARCH 19, 1908. No. 15,116.

1. Taxation: ASSESSMENT. "The word credits as used in section 28, art. I, ch. 77, Comp. St. 1903, means net credits. The indebtedness of the taxpayer may be deducted from gross credits to find the true value of credits for assessment." *Lancaster County v. McDonald*, 73 Neb. 453.

17

2. ———: ———. A note and mortgage taken in exchange for property is not "money loaned and invested" within the meaning of the statute, but is a "credit" from which the holder may deduct the just debts by him owing at the time of making his tax return.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Reversed with directions.*

A. R. Oleson, pro se.

M. McLaughlin, contra.

FAWCETT, C.

The only question in this case is the construction of the word "credits" as used in the revenue law. Appellant sold a farm in Stanton county, and took back from the purchaser a mortgage for $3,500 for a portion of the purchase price of the farm. Subsequently appellant bought another farm, and gave his grantor a $3,500 mortgage for a portion of the purchase price of that farm; and the only question here is: Had appellant a right, when listing his property for taxation, to offset his indebtedness under the note and mortgage which he had given for the purchase of the latter farm against the note and mortgage which he had received upon a sale of the former? The assessor refused to allow such offset. The board of equalization sustained the assessor. The district court sustained the board of equalization, and the case is now here for review.

We think the district court erred. As we view it, the question involved here is no longer an open question in this state. The attorney general, in his published opinions, 1902, 1903, p. 211, holds that the word "credits," as used in section 28, art. I, ch. 77, Comp. St. 1903, means net, and not gross, credits. In *State v. Fleming,* 70 Neb. 529, in the first paragraph of the syllabus by DUFFIE, C., it is said: "In making a return of his taxable property under the provisions of chapter 73, laws 1903, the tax-

payer may deduct from the credits due him all just debts by him owing at the time of such return." In the third paragraph of the syllabus in *Lancaster County v. McDonald*, 73 Neb. 453, we held: "The word credits as used in section 28, art. I, ch. 77, Comp. St. 1903, means net credits. The indebtedness of the taxpayer may be deducted from gross credits to find the true value of the credits for assessment." The opinions in those two cases fully support the syllabus above quoted. Counsel for appellees contend that *Lancaster County v. McDonald* sustains his contention, because of the fact that in that case we held that the demurrer to the petition should have been sustained; but the facts in the case at bar bring it within the exception noted in that case. In that case we held that the demurrer to the petition should have been sustained, because there was no allegation in the petition and nothing to show the origin and character of the notes and mortgages against which the plaintiff was claiming the right to offset his indebtedness; and we said, "If they represented moneys loaned or invested, within the meaning of section 28, they are not credits within the meaning of that section, and being specifically named for taxation, they are not subject to reduction on account of general indebtedness." The reverse of that must be taken as true, namely, that, if the petition had alleged that those notes and mortgages did not represent moneys loaned or invested, but simply represented the unpaid portion of the consideration for a sale of property, either real or personal, they would be credits within the meaning of that section, and would be subject to reduction on account of general indebtedness. If, as argued by appellees, the balance of purchase money on a sale of land, or the amount of a note and mortgage taken "in exchange for a pair of horses" constitutes "moneys loaned and invested," then there never could be such a thing as a "credit" within the meaning of section 28, as no one could ever become a creditor of another without giving something of a money value in exchange for the credit he obtained. Under such

a construction, it would make no difference whether such credit were represented by an open account, a simple promissory note, or a note secured by mortgage. The only exception made by the statute, under the construction which we have already given it in the cases above cited, is in the case of "moneys" or "moneys loaned or invested." It was not the purpose of the legislature in passing the act in question to tax any citizen upon fictitious wealth or property. If appellees' contention were sustained, that would be the result in this case. To illustrate: A owns a farm worth $3,500. What is the amount of A's wealth? Clearly it is $3,500, and upon that he should be taxed. He sells the farm to B for $3,500 without receiving any cash, but takes a note secured by a mortgage for the consideration. What is A then worth? He is still worth $3,500, represented now by a $3,500 note and mortgage, instead of the land which he formerly owned. He is still subject to taxation for $3,500. He buys another farm from C for $3,500. C is not willing to take the $3,500 note and mortgage which A holds against B, so A gives C his own note and mortgage for $3,500 in payment of the farm he has purchased. What is A then worth? Appellees would say, $7,000, viz., a $3,500 farm and a $3,500 mortgage. This sudden rise in wealth from $3,500 to $7,000 is created, as by a magician's wand, the moment A accepts the deed to the land which he has purchased. By a process of legerdemain he is now required to pay taxes on $3,500 worth of land and on a $3,500 mortgage, when, as a matter of fact, his actual wealth has not been increased a dollar. This is pure fiction. It was never the intention of the legislature that the state should obtain its revenue in any such fictitious manner, and a court will never sustain such a course, if there is any reasonable theory upon which it may refuse to do so. As we have said in the opinions above cited, the term "credits" in the statute does not mean gross credits. It means net credits. The simple fact that a note, taken in exchange for a sale of property, either real or personal, is secured by a mortgage does not

change its character as a credit. In other words, a note and mortgage taken in exchange for property is not "money loaned and invested," within the meaning of the statute, but is a "credit" from which the holder may deduct the just debts by him owing at the time of making his tax return.

We recommend that the judgment of the district court be reversed and the cause remanded, with directions to enter a decree in favor of appellant as prayed in his petition.

CALKINS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded, with directions to enter a decree in favor of appellant as prayed in his petition.

REVERSED.